UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY MCLAUGHLIN,
       Plaintiff,

v.                                     Case No.  05-72305
                                     Judge Avern Cohn

INNOVATIVE LOGISTICS GROUP, INC.,
and NANCY O'CONNELL,
       Defendants.
_____/

**MEMORANDUM AND ORDER (1) DENYING MCLAUGHLIN'S MOTION FOR SUMMARY JUDGMENT REGARDING HER FMLA RETALIATION CLAIM (D/E 22), AND (2) DENYING MCLAUGHLIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT  REGARDING HER FMLA INTERFERENCE CLAIM (D/E 19)**

**I. Introduction**

At the final pretrial conference on February 27, 2007, McLaughlin's attorney stated that the Court did not rule on her (1) motion for summary judgment regarding her FMLA retaliation claim, and her (2) motion for partial summary judgment as to her FMLA interference claim.

For the following reasons the Court DENIES McLaughlin's motions.  Both issues will proceed to trial.

**II. McLaughlin's FMLA Retaliation Claim**

**A.  Background**

Shortly after McLaughlin filed her interference claim, defendant Innovative Logistics Group, Inc. (ILG) counterclaimed that McLaughlin (1) fraudulently made representations regarding a garnishment action which resulted in ILG paying $717.77.00; and that she (2) breached her employment contract.

1

On August 11, 2006 the ILG agreed to dismiss the counter-claim relating to the breach of contract.  On September 11, 2006, ILG agreed to dismiss the counter-claim relating to fraud respecting the garnishment of McLaughlin's wages.

Despite ILG's dismissal of the counter-claims, on August 24, 2006, McLaughlin filed a motion for summary judgment on the basis that ILG's filing of the counterclaims constituted retaliation under the FMLA.  McLaughlin also requested that the Court *sua sponte* require ILG to show cause for bringing the claims and if it did not show good cause, impose Rule 11 sanctions for bringing frivolous claims.

ILG responded simply that it had dismissed the counterclaims and that they were not frivolous, but did not refute the merits of McLaughlin's argument that the filing of counter-claims constituted retaliation under the FMLA.

The Court dealt with McLaughlin's retaliation claim in the Memorandum and Order (in which it denied ILG's motion for summary judgment) issued on January 30, 2007.  In footnote four (4), the Court stated that because ILG had dismissed the counterclaims, McLaughlin's motion was moot.  The Court also declined to *sua sponte* require ILG to show cause.

Upon further review of McLaughlin's motion, the Court finds that there is case law supporting McLaughlin's claim that the <u>filing</u> of a frivolous or bad faith counter-claim, <u>in itself</u>, constitutes retaliation under the FMLA.  Accordingly, McLaughlin's retaliation claim is viable.  Whether or not summary judgment is appropriate is discussed <u>infra</u>.

### B.  Description of ILG's Counterclaim

### 1.  ILG's Claim that McLaughlin Committed Fraud Regarding
### A Garnishment Action

It appears that McLaughlin was the victim of an attorney's scheme to file multiple suits for garnishment for legal services he never performed, and obtain default judgments against the victims by intentionally failing to serve the complaints.  When ILG asked her about the garnishment action, she did not have any knowledge about the suit against her and told them not to pay it.  It is unclear when McLaughlin or ILG learned of the scheme.

McLaughlin argues that the claim is frivolous because in order to maintain a claim for fraudulent misrepresentation, ILG must show that it reasonably relied on her alleged misrepresentations. Arim v. General Motors Corp., 206 Mich. App. 178, 194 (1994).[1]  McLaughlin says that ILG cannot show reasonable reliance because:

(1) ILG does not permit the employee responsible for withholding sums of money from ILG employee pay checks to rely on the employee's statement  to deciding whether to withhold sums from the employee's paycheck in response to a court order for garnishment;

(2) Janis Kuras -- the ILG employee responsible for withholding sums from employee pay checks in response to writs of garnishment -- stated during her deposition that she did not did not rely on any statements made by McLaughlin in determining whether to

---

[1]  To show fraud or misrepresentation, plaintiffs must establish that:
(1) the defendant made a material misrepresentation; (2) it was false; (3) when the defendant made it, the defendant knew that it was false or made recklessly without knowledge of its truth or falsity; (4) the defendant made it with the intent that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage.  Arim, at 194 citing Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (1976)

withhold amounts from her pay check in response to the writ of garnishment; and because

(3)  M.C.R. § 3.101(S) states that the garnishee-employer is liable for the payment of a judgment.

### 2.  ILG's Breach of Contract Claim

Second, ILG  counter-claimed that McLaughlin's poor work habits and excessive absences caused them the loss of some unspecified amount of money.  ILG also stated in their complaint that McLaughlin improperly used her work computer for personal uses.

McLaughlin argues that ILG's claim was frivolous because she was employed pursuant to an at-will contract, and because the complaint does not state the amount of damages.  Moreover, McLaughlin's supervisor, defendant Nancy O'Connell (O'Connell) stated at her deposition that ILG suffered no financial harm as a result of the alleged substandard work performed by McLaughlin

### C.  Argument

McLaughlin argues that the filing of a bad-faith or frivolous counterclaim constitutes retaliation in violation of FMLA, and is not barred by an employer's First Amendment immunity or the litigation privilege.  Rosania v. Taco Bell of America, Inc., 303 F. Supp. 2d 878 (N.D. Ohio 2004).

McLaughlin says that ILG's counterclaims were frivolous and also motivated by bad faith because O'Connell admitted at her deposition that ILG did not contemplate filing claims against McLaughlin until she filed suit approximately eight months after her

termination.

ILG admits that case law does indicate that the bringing of a counterclaim can be considered retaliation under the FMLA, but argues that McLaughlin never filed an amended complaint nor a motion to amend her complaint to add a claim of retaliation. Defendant's argue that it is too late to add this claim now because discovery is over.

McLaughlin responds that her initial pleading were broad enough to encompass a retaliation action because she pled that defendants, "engaged in conduct prohibited under the FMLA."

### D.  Resolution

In Rosania, 303 F. Supp. 2d 878 at 881, the plaintiff filed a lawsuit claiming that the defendant had terminated him in violation of the FMLA.  The defendants counterclaimed alleging conversion and unjust enrichment.  Id.  The court allowed the plaintiff to add a claim of retaliation under the FMLA after the defendant filed counter-claims.  Id.   In reaching its decision, the court relied on E.E.O.C. v. Outback Steakhouse of Florida, 75 F. Supp. 2d 756 (N.D. Ohio 1999) and Gliatta v. Tectum Inc., 211 F. Supp. 2d 992 (S.D. Ohio 2002).[2]  Both these cases held that Title VII's anti-retaliation provision is not limited to discrimination affecting employment, and it allows a plaintiff to maintain a retaliation claim where the plaintiff alleges that the defendant has filed a bad-faith counterclaim.

---

[2]  The Court of Appeals for the Sixth Circuit has not determined whether the anti-retaliation provision of the FMLA prohibit's a plaintiff from claiming retaliation where the alleged retaliatory action is not employment based.

5

In Gliatta, the court reviewed and explained the determination in Outback Steakhouse in reaching the decision that a plaintiff's retaliation claim need not be based on an adverse employment action after comparing the language of the substantive anti-discrimination provision of Title VII, 42 U.S.C. § 2000e-2(a)(1), with the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3.  211 F. Supp. 2d at 1007 -1009.  The court found that the substantive discrimination provision clearly limits actionable discrimination claims to employment based claims.  Id. at 1008.  In particular, section 2000e-2(a)(1)  prohibits an employer from discriminating "with respect to his compensation, terms, conditions, or privileges of employment."  Id.   In contrast, the anti-retaliation provision does not contain such qualifying language.  Id. at 1008-1009.  Section 2000e-3 prohibits discrimination that takes place because an employee has "made a charge, testified, assisted, or participated in an investigation, proceeding or hearing under this subchapter."  Id.  The Gliatta court held that the comparatively broader language of the anti-retaliation provision allowed for the plaintiff's filing of a retaliation claim in response to the defendant's filing of a counterclaim.  Id.

Moreover, the Gliatta court reasoned that allowing the plaintiff to file a retaliation claim promoted the policies underlying Title VII's anti-retaliation provision.  Id. at 1008.  In particular, the court found that an employer's filing of counter-claims can be sufficiently adverse as to have a chilling effect on  employees seeking to assert a discrimination claim under Title VII.  Id.

Applying the analysis of Gliatta to the interference provision of the FMLA, 29 U.S.C. § 2615,  it appears that the Rosania court correctly determined that the plaintiff could file a retaliation claim.  Section 2615(a)(2) states:

>    (a) Interference with rights
>
>    (1) Exercise of rights
>    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>
>    (2) Discrimination
>    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.
>
>    (b) Interference with proceedings or inquiries
>    It shall be unlawful for any person to discharge <u>or in any other manner discriminate</u> against any individual because such individual--
>    (1) has filed any charge, or has instituted <u>or caused to be instituted any proceeding, under or related to this subchapter;</u>
>    (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
>    (3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.
>
>    (Emphasis added)

This language does not prohibit discrimination with respect to only adverse employment action. This language is similar to and can even be considered broader than the anti-retaliation provision in Title VII.

In light of this analysis, McLaughlin's retaliation claim must go forward. Therefore, the Court will allow the plaintiff to present the issue to a jury.

### III. McLaughlin's Motion for Partial Summary Judgment Regarding her FMLA Interference Claim

#### A. Arguments

McLaughlin's argument for partial summary judgment regarding her interference claim under the FMLA can be summarized as follows:

(1) Around January, 2003, McLaughlin told her supervisor, defendant O'Connell, that she had been hospitalized for and diagnosed with hypertension earlier that month. She received ongoing treated for hypertension after her diagnosis.

(2) On October 26, 2004 McLaughlin's mother left a voice message on O'Connell's phone stating that McLaughlin was in the hospital. McLaughlin's mother did not specify why McLaughlin had been hospitalized.

(3) McLaughlin argues that because O'Connell had prior notice that McLaughlin suffered from hypertension, the defendants had a duty to inquire into whether her hospitalization was FMLA qualifying. Since the defendants terminated her without doing so, as a matter of law, the defendants interfered with her rights under the FMLA and she is entitled to summary judgment in her favor.

#### B. Resolution

Although the Court did not specifically rule on McLaughlin's motion, it dealt with her arguments extensively when it denied the defendant's motion for summary judgment in the Memorandum and Order issued January 30, 2007. As implied in the Memorandum and Order, summary judgment in McLaughlin's favor is inappropriate because O'Connell denies that McLaughlin told her that she suffered from hypertension or that she had knowledge of McLaughlin's condition. Thus, McLaughlin's success on

the FMLA interference claim depends on a jury believing her testimony and proffered evidence that she had in fact, <u>adequately</u> informed the defendants prior to her hospitalization in October of 2004 that she suffered from hypertension.

### IV. Conclusion

For the reasons stated above, McLaughlin's motions are DENIED.

SO ORDERED.


   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: March 29, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 29, 2007, by electronic and/or ordinary mail.

   s/Julie Owens
Case Manager, (313) 234-5160